[Civ. No. 3865. First Appellate District, Division One.—June 24, 1921.]

E. L. PRICE, Respondent, v. SMITH MANUFACTURING COMPANY et al., Appellants.

[1] STATUTE OF FRAUDS—CONTRACT EXTENDING OVER TERM OF YEARS —LIABILITY FOR SEPARATE ITEMS—ENFORCEMENT OF.—In certain kinds of contract, as where a series of things is to be done, occupying in the whole more than one year, but each item as it is performed drawing with it a separate liability therefor, the statute of frauds does not prevent an action upon such items as are performed within the year to recover the stipulated compensation.

[2] ID.—PERFORMANCE OF ORAL AGREEMENT—EQUITY—ESTOPPEL.— Where it is clearly and unequivocally made to appear that there has been a performance of an oral agreement required by the statute to be in writing, under such circumstances as to make it inequitable to allow the party receiving the benefit thereof to invoke the statute, he is estopped from doing so.

APPEAL from a judgment of the Superior Court of Santa Clara County. W. A. Beasly, Judge. Affirmed.

The facts are stated in the opinion of the court.

Owen D. Richardson for Appellants.

Louis Oneal and Maurice J. Rankin for Respondent.

WASTE, P. J.—Plaintiff brought this action to recover from the defendants ten per cent of the selling price of cer-

tain can-filling machines, manufactured and sold by the defendants under a license. The defendants interposed a counterclaim for $200, which the court allowed, and gave judgment for the plaintiff from which the defendants appeal.

The plaintiff, claiming to be the inventor of a certain can-filling machine, applied to the government for a patent in September 1917. About that time he entered into an oral agreement with the defendants by which it was agreed that if plaintiff would permit the defendants to manufacture his machine, they would undertake to do so, and would pay the plaintiff ten per cent of the selling price, which was to be fixed by the defendants. Plaintiff entered the employ of the defendants, and perfected his drawings and details, the defendants engaging in the manufacture of the machines. This arrangement continued until March 1, 1919, when the plaintiff revoked the license. The defendants had, in the meantime, manufactured and sold forty-eight machines for the aggregate sum of $26,087.40. The court found that the defendants did agree to pay plaintiffs ten per cent of the selling price of the machines as a royalty for their manufacture, and also found ten per cent of the selling price to be the reasonable value of the license and of the right to manufacture and sell the machines, and to use plaintiff's design and invention, and gave judgment in plaintiff's favor in the sum of $2,608.74, less $200, the counterclaim allowed. These findings are amply supported by the evidence.

It is the contention of the appellants that the oral agreement between the plaintiff and the defendants was invalid under the statute of frauds, because, by its terms, it was not to be performed within a period of one year, but was to extend over the life of the patent, or a period of seventeen years. The trial court found, however, that the license was to continue until revoked by plaintiff, and we think this finding is amply supported by the testimony. Furthermore, plaintiff did not receive his patent from the government until January 7, 1919, and forty-two of the machines were manufactured and delivered by the defendants before that time. There was no term fixed for the performance of the contract, and it seems to have been entered into with an understanding that it was subject to revocation by either

party at any time. No time for performance being specified, and the act consisting of the payment of money, the agreed royalty became due from the defendants to plaintiff immediately upon the sale of each of the machines manufactured. (Civ. Code, sec. 1657.) Even assuming that the contract was one for a definite period of time exceeding one year, the defendants may not invoke the statute of frauds in defense of plaintiff's claim for royalties on the machines already manufactured. [1] In certain kinds of contract, as where a series of things is to be done, occupying in the whole more than one year, but each item as it is performed drawing with it a separate liability therefor, the statute of frauds does not prevent an action upon such items as are performed within the year to recover the stipulated compensation. (Browne on Statute of Frauds, 4th ed., sec. 285.) [2] Where it is clearly and unequivocally made to appear that there has been a performance of an oral agreement required by the statute to be in writing, under such circumstances as to make it inequitable to allow the party receiving the benefit thereof to invoke the statute, he is estopped from doing so. (*Pearsall* v. *Henry*, 153 Cal. 314, 318, [95 Pac. 154, 159].)

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.