No. 38,544

ALTA MARY RALSTON, *Appellant,* v. PAUL MATHEW, H. E. STANLEY and NORTHWESTERN NATIONAL CASUALTY COMPANY, *Appellee.*

(250 P. 2d 841)

Opinion filed December 6, 1952.

*Robert A. Coldsnow,* of Wichita, argued the cause and *Aubrey J. Bradley,* of Wichita, was with him on the briefs for the appellant.

*Robert H. Nelson,* of Wichita, argued the cause and *W. A. Kahrs, Clarence N. Holeman* and *Keith L. Wallis,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action upon an oral contract. Judgment was for the defendants sustaining their demurrer to plaintiff's petition. Plaintiff has appealed.

After the formal allegations, the petition alleged that defendant Mathew was the agent of Stanley, doing business as an adjustment company, and also the agent of the Northwestern Casualty Company; that plaintiff was injured by a fall down an unlighted stairway of the First Church of the Nazarene and plaintiff believed the fall was caused by the negligence of the church and plaintiff believed she had a just cause of action against the church.

The petition then alleged that as a result of the fall she incurred hospital, medical and other expenses.

The petition then alleged that at the time of the fall and injuries defendant Northwestern National Casualty Company had a contract of liability insurance in full force covering the church.

The petition then contained two paragraphs as follows:

"IX. THAT on or about November 30, 1949, defendant Paul Mathew called on plaintiff as an agent of defendant H. E. Stanley, doing business as the Universal Adjustment and Inspection Company, and defendant Northwestern National Casualty Company; and that defendant Paul Mathew then and there promised that the Northwestern National Casualty Company would pay to plaintiff all her expenses incurred as a result of her said fall if plaintiff would refrain from suing on said claim;

"X. THAT plaintiff, relying on said promise, has refrained from filing suit on said claim, but that defendants Paul Mathew; H. E. Stanley, doing business as the Universal Adjustment and Inspection Company; and Northwestern National Casualty Company have refused to pay to plaintiff her necessary expenses, although often requested so to do;

The petition then alleged damages in the amount of $1,024.90. The prayer was for recovery in that amount.

Subsequently the plaintiff amended her petition by alleging

" 'That at the time of said fall and injuries, defendant Northwestern National Casualty Company had a contract of liability insurance in full force and effect covering said First Church of the Nazarene, a copy of which is attached hereto,' and by setting out that it was an oral promise upon which plaintiff was relying."

The policy was the usual agreement whereby the company agreed to pay on behalf of the insured all sums the insured should be

obligated to pay by reason of the liability imposed upon the insured by law for damages because of bodily injury caused by accident upon the premises of the insured.

The trial court sustained the demurrer of all three defendants.

Notice of appeal was filed upon the insurance company only.

The specifications of error is the sustaining of the demurrer of the insurance company.

Stated succinctly, the theory of the petition was that plaintiff was injured by the negligence of the church, the church was covered by a public liability policy, she was about to sue on account of the negligence and to prevent that, the agent of the company promised her if she would not sue the company would pay her expenses. The action is upon that contract. The position taken by the company and adopted by the trial court is that there was no consideration for the oral contract because there was no liability of the church to plaintiff—hence plaintiff gave up nothing of value when she agreed not to sue. The insurance company bases that argument on our holdings that organizations, such as churches and charitable organizations, are not liable for their torts. (See *Leeper v. Salvation Army,* 158 Kan. 396, 147 P. 2d 702.) The insurance company cites and relies on the rule that where there is no right of recovery on a breach of contract, such breach cannot amount to a consideration for an alleged oral contract subsequently made in the way of reparation. (See *Hoffman v. Atchison, T. & S. F. Rly. Co.,* 129 Kan. 59, 281 Pac. 935.)

The rule of nonliability of a church is not entitled to the force claimed for it by the defendant. The plaintiff alleged in her petition that she believed she had a just and valid claim against the church. In order for her forbearance to sue to constitute a valid consideration for the contract, it is not necessary that the plaintiff be correct in the belief pleaded. It was enough if she in good faith believed that she had a valid cause of action against the church. In *Reed v. Kansas Postal Telegraph & Cable Co.,* 125 Kan. 603, 264 Pac. 1065, we held:

"Where one in good faith asserts a claim not obviously invalid, worthless or frivolous, and which might be thought to be reasonably doubtful, the forbearance to prosecute such a claim will furnish a sufficient consideration for a promise of settlement and compromise of such claim."

The opinion contains a full discussion of the development of the rule. We would not care to hold as a matter of law that this claim

was obviously invalid in view of what we held in *Robertson v. Labette County Comm'rs*, 122 Kan. 486, 252 Pac. 196. There we held that even though the county was not liable under the workmen's compensation act to its employees, still where it had taken out an insurance policy to cover the injuries to the employees and an employee was injured, the company could be held. (See, also, *Elliott v. Behner*, 150 Kan. 876, 96 P. 2d 852.) There in dealing with an insurance policy issued to a county to cover a truck where a woman was endeavoring to hold the insurance company for the death of her husband we said:

"In this case the plaintiff could not have obtained a judgment against the county for the injury to her husband. Counties are only liable as provided by statute, and it is not argued that this was such a case. In this argument the garnishee is taking the position that it may sell the policy and take the premiums and never be liable, because the only way a county could be liable for the death or injury of anyone would be for them to recover on account of a defective highway. There are, however, provisions in the policy that have been quoted and discussed heretofore, making the garnishee liable for an injury caused by an automobile covered by the policy when it is being driven by some one with the consent of the county. We hold that under all the facts and circumstances this is such a case."

The two authorities above cited are sufficient to warrant a conclusion that the claim of plaintiff against the church and the insurance company was not obviously invalid or frivolous. (See *Mary Foster v. Roman Catholic Diocese*, 116 Vt. 124, 70 A. 2d 230, 25 A. L. R. 2d 1; also *Mississippi Baptist Hospital v. Holmes*, 214 Miss. 906, 55 So. 2d 142, 25 A. L. R. 2d 12; also note 25 A. L. R. 139.

The insurance company can hardly be heard to say the claim of the plaintiff was obviously invalid and frivolous when it attached enough importance to it to make the contract in question.

The allegations of the petition are such as to warrant a construction that the action contemplated being filed by plaintiff was against the church and the insurance company.

The judgment of the trial court is reversed with directions to overrule the demurrer of the insurance company and to proceed with the trial of the action.