[Civ. No. 19376. Second Dist., Div. Three. Apr. 1, 1953.]

ELIZABETH PROFIT, Respondent, v. WESLEY PROFIT, Appellant.

Prichard & Brenner and S. V. O. Prichard for Appellant.

Crispus A. Wright for Respondent.

SHINN, P. J.—In April, 1946, Elizabeth Cooper (Profit) and Wesley Profit were married in Tijuana, Mexico. The marriage was invalid because defendant had another wife living and the prior marriage had not been dissolved. On December 28, 1949, plaintiff and defendant separated. This action for annulment of the marriage and settlement of property rights was filed the next day. The trial court annulled the marriage and divided equally four parcels of real property, a trust deed note, various items of personal property and $1,451.70, all of which is more particularly described later. Defendant appeals from the portion of the judgment dividing the property, specifically attacking division of two parcels of real property, the trust deed note and the sum of $1,451.70.

By her complaint plaintiff alleged that there were various items of "community" property and prayed that an equitable division be made of it. Defendant denied that there was any community property and alleged that all the property set out in the complaint was his sole and separate property. There was no prayer for affirmative relief. The court found that plaintiff had knowledge at all times that defendant's former marriage was not dissolved. It further found that "about the time of said purported marriage it was mutually agreed between the plaintiff and defendant that all property then owned or thereafter acquired by either during the continuance of said relationship should be held by them in equal shares." There was no express finding that the property set out in the complaint was not community property. However, all the property was found by the court to be owned in equal interests pursuant to the agreement, and the judgment so declared.

The major parcels of property involved are four in number. The first two are a parcel located at 3038 6th Avenue in Los Angeles and one at 1720 South Central Avenue in Los Angeles. At the time of the Tijuana marriage both of these parcels stood in the name of Elizabeth Cooper. The third parcel is located at 1037-43 East Vernon Avenue in Los Angeles and was deeded to Mr. Profit by his father. The fourth parcel is located in Riverside, California, and was acquired in 1947, the deed being made out to the parties in joint tenancy. The Central Avenue parcel was sold in 1948 and a second trust deed and note made out in the name of Mr. Profit alone. Also in controversy are the sums of $1,100 withdrawn from an escrow by Mr. Profit after the complaint was filed, and sums of $315 and $38.70 withdrawn by Mr. Profit from bank accounts, the first in joint tenancy, the second in his name alone, after complaint was filed. The judgment gave the parties equal interests in all of these items.

Because there were no allegations of an agreement to share equally, defendant contends that there was a material variance between the pleadings and the findings and therefore the findings do not support the judgment. He also contends the evidence does not support the finding of an agreement to share equally in property interests. Lastly, he contends that since plaintiff's only allegation with respect to the property was that it was community, and since the findings of knowledge of invalidity of the purported marriage preclude treatment of the property as community, the court should have

found the property allegation of the complaint not true and rendered judgment for defendant. We will discuss these contentions in order.

Defendant's contention of prejudicial variance is not well taken. As will be developed, evidence of the agreement was given by plaintiff without objection by defendant. Furthermore, the question of property interests of the parties was before the court. The complaint alleged the several items were community property, the answer alleged they belonged to defendant. There clearly then was no surprise, defendant was not misled by the pleading and he did not object to evidence of an agreement as to status of the property. Under these circumstances there is no basis for a claim of material variance, or even of variance at all. One may not complain of a variance which has not misled him to his prejudice. (Code Civ. Proc., §§ 469, 470.)

Although numerous questions of law are discussed in the briefs, it will appear from what we have to say that very little of consequence is involved on the appeal, other than the determination by the trial court of questions of fact. When all is said and done, we have only a case in which the court found that each of the parties owned certain parcels of real property; they agreed upon sufficient consideration that each should own a half interest in each of the properties; plaintiff performed the agreement upon her part by making the necessary conveyances and defendant refused to perform upon his part. If these findings, both express and implied, are supported by the evidence the court could not properly have refused to give effect to the agreement. Although the evidence was voluminous, and unsatisfactory with respect to that produced by each of the parties, we will recite enough of it to show that it fully sustains the findings in all material respects.

Mrs. Profit testified that about two weeks after the Tijuana marriage Mr. Profit came to her and revealed that the Vernon Avenue property had been deeded to him by his father. She further testified that at the time he said: "I want to be as fair with you as you have been with me . . . from now on there won't be any question about whose property is whose," and that she then agreed to give Mr. Profit a half interest in her 6th Avenue and Central Avenue properties in return for a half interest in his Vernon Avenue property. There was substantial evidence to corroborate plaintiff's testimony of an agreement. The 6th Avenue property was bought before

the marriage and in her name alone, $7,400 being paid in cash. Mrs. Profit testified that this was her money, $3,000 of it having been received from her father. It appears that Mrs. Profit was a real estate broker and a woman of affairs. Her testimony also was that she made the down payment on the Central Avenue property before the marriage. Title to the Riverside property, purchased a year after the marriage, was taken in joint tenancy, and the parties jointly obtained loans to improve the Vernon Avenue property some two years after the marriage. It was also shown that plaintiff had opened a bank account a year before the marriage with an initial deposit of $5,000.

There was in evidence a deed of the Vernon Avenue property to Mr. Profit from his father, dated August 22, 1946. At the request of Mr. Profit an attorney drew deeds by which Mrs. Profit deeded to Mr. Profit the 6th Avenue property and the Central Avenue property; they were executed August 24, 1946, in the office of the attorney in the presence of the parties, and it is not questioned that they were delivered to Mr. Profit. There was evidence that Mrs. Profit later took them from Mr. Profit or from a box in which they had been placed by him and burned them. The deeds were proved by copies which the attorney had retained. They conveyed the entire interest in the property and not merely a half interest, but there was evidence that they were given pursuant to the oral agreement under which Mrs. Profit was to receive a half interest in the Vernon Avenue property. Mr. Profit did not convey to her that interest.

Plaintiff says her case falls squarely within the rule stated in *Vallera* v. *Vallera,* 21 Cal.2d 681, 685 [134 P.2d 761]: "Plaintiff's lack of good faith in alleging the belief that she had entered into a valid marriage would not, however, preclude her from recovering property to which she would otherwise be entitled. If a man and woman live together as husband and wife under an agreement to pool their earnings and share equally in their joint accumulations, equity will protect the interests of each in such property." The rule would be applicable to earnings and accumulations, if any, subsequent to the making of the agreement, but the controversy in the present case involves properties owned by the parties at the time of the agreement and not subsequent earnings or accumulations.

Plaintiff's rights do not depend upon her cohabitation with the defendant. The relationship in which they lived was of importance mainly as circumstantial evidence bearing upon

plaintiff's claim of the oral agreement and her testimony as to how the different properties were acquired. Even if the parties had been strangers and had entered into an agreement to exchange interests in the respective properties, settled principles would have called for its enforcement upon the facts found. ▇ It is true, as defendant contends, that a wholly unexecuted agreement to exchange real properties is unenforcible if not in writing. This is not such a case. Mrs. Profit conveyed two of the properties to Mr. Profit. Although full legal title was vested in Mr. Profit, the court could properly have inferred from the evidence that it was the intention of the parties that Mrs. Profit would continue to own a half interest therein.

▇ A principle which is as well established as any other to be found in the books is stated as follows: "Where it is clearly and unequivocally made to appear that there has been a performance of an oral agreement required by the statute to be in writing, under such circumstances as to make it inequitable to allow the party receiving the benefit thereof to invoke the statute, he is estopped from doing so." (*Price* v. *Smith Mfg. Co.,* 53 Cal.App. 303 [200 P. 53].) ▇ It was said in *Pearsall* v. *Henry,* 153 Cal. 314, 326 [95 P. 154]: "Where there is a verbal agreement under which each of the parties is to convey land to the other, it is generally held that a conveyance by one on the faith of the agreement constitutes such part performance as will in equity take the case out of the operation of the statute." Under this rule defendant is barred from relying upon the statute of frauds, and is under a duty to comply with his agreement.

One of the properties was sold and a trust deed was taken back in the name of Mr. Profit, but the form of this transaction did not require the court to determine that Mrs. Profit had no interest in the trust deed, and the sums that had been paid on account. Although it is contended that plaintiff was awarded too large a share in the balance of the trust deed, our examination of the evidence does not disclose the error claimed by defendant. It may be noted with respect to his calculations that 16 payments of $50 each amount to $800, and not $1,600.

The court heard evidence as to the details of the transactions at great length, and after a painstaking study made an apportionment that appears to us to be fair and fully justified by the evidence.

The court made no specific finding as to whether the property was community property, and this is urged as an omission which is fatal to the judgment. The point is without merit. The finding as to equal ownership of the parties by reason of the agreement necessarily established the status of the property, and that it was not held in a community status.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.