257 P.2d 242

**SIMS v. PURCELL.**

No. 7986.

Supreme Court of Idaho.

May 15, 1953.

Albaugh, Bloem, Barnard & Smith, Idaho Falls, for respondent.

A. A. Merrill, Idaho Falls, for appellant.

TAYLOR, Justice.

Plaintiff (appellant) alleges that she and the defendant are sister and brother and legal heirs of William G. Purcell, deceased, who left a will and an estate in excess of $100,000; and

"That on or about the 7th day of November, 1951, at Salmon, Lemhi County, Idaho, the defendant orally promised the plaintiff in consideration that she, the plaintiff, would refrain from contesting the Last Will and Testament of their father, William G. Purcell, deceased, he, the defendant would give to her as part of the property left by their father, as soon as said estate was probated, the following: forty (40) head of Hereford cows, the same to be chosen by the plaintiff and the defendant from the main herd; one-half (½) of the bank account left by their father amounting to $7,500.00; and $10,000.00 cash payable on November the 7th of each year at the rate of $1,000 per year for a period of ten (10) years without interest.

"That pursuant to said agreement plaintiff did refrain from contesting said Last Will and Testament fully relying upon the defendant's promise and agreement.

"That said Estate of William G. Purcell was closed and the Decree of Final Distribution was entered and filed in the Probate Court of Lemhi County, Idaho on June the 17th, 1952.

"That the defendant has wholly failed, neglected and refused to keep his promise and live up to his agreement with the plaintiff and has refused to deliver said cows to plaintiff or any money whatsoever.

"That there is now justly due, owing and unpaid from the defendant to the plaintiff the said forty (40) head of cows or the reasonable value there, $3,750.00 cash, and $10,000.00 payable

at the rate of $1,000.00 per year over a period of ten years, all to plaintiffs damage."

The prayer is for specific performance or such other relief as to the court may seem meet and equitable.

■ Defendant (respondent) demurred, pleading the statute of frauds, § 9-505, subsections 1 and 4, I.C. The defendant also demurred specially on grounds of uncertainty and ambiguity. The ruling on the special demurrer will not be further noticed for the reason that the judgment of dismissal was not based thereon, and the order as to such grounds is not appealable. § 13-201, I.C.

The trial court concluded that the cause of action, for $10,000 payable $1,000 per year over a period of ten years, is invalid under the statute, since that part of the agreement by its terms is not to be performed within one year. It also held that the part of the cause thus invalidated is severable from the portion seeking recovery of forty cows and half of the bank account. Accordingly the court sustained the demurrer and entered judgment dismissing the action as to the $10,000. The demurrer was overruled as to the remainder of the cause. The plaintiff brings this appeal from the judgment dismissing her action as to the $10,000. Both parties have appealed from the judgment holding the cause of action severable. The conclusion reached on the issue involving the application of the statute of frauds makes it un-

necessary to determine whether or not the cause of action is severable, or whether or not a partial recovery may be permitted where the contract is in part invalidated by the statute. Cf. Price v. Smith Mfg. Co., 53 Cal.App. 303, 200 P. 53; Schlieff v. Bistline, 52 Idaho 353, 15 P.2d 726; 37 C.J.S., Frauds, Statute of, § 230.

■ While the order overruling defendant's general demurrer is not appealable, the question of whether the complaint states a cause of action is indirectly here, because, in the absence of some special consideration such as the denial of the right to amend, a judgment of dismissal will not be reversed where the complaint fails to state a cause of action. Here, we think the complaint is sufficient as against a general demurrer, and that the court's ruling is correct. Heath v. Potlatch Lbr. Co., 18 Idaho 42, 108 P. 343, 27 L.R.A.,N.S., 707; Ticknor v. McGinnis, 33 Idaho 308, 193 P. 850; Nelson v. Krigbaum, 38 Idaho 716, 226 P. 169; Moran v. Copeman, 55 Idaho 785, 47 P.2d 920; Ashbauth v. Davis, 71 Idaho 150, 227 P.2d 954; Ralston v. Mathew, 173 Kan. 550, 250 P.2d 841; 11 Am. Jur., Compromise & Settlement, § 19; 1 Corbin on Contracts, § 140, p. 440.

■ The basic issue in the case is whether or not the contract for the payment of $10,000, payable over a period of ten years, is invalid and unenforceable under the statute of frauds.

The appellant's contention is that the contract—having been fully and completely

performed on her part by her forbearance to file and prosecute a contest of the will, and the will having been probated, the estate closed, and final distribution thereof having been made to the defendant, and he having thus received the consideration in full—is removed from the operation of the statute of frauds. We are in accord with this view.

Respondent contends that the doctrine of part performance applies only to contracts involving real estate. However that may be, as a general proposition, where, as here, the complaint alleges full and complete performance by one of the parties, the statute of frauds is not applicable, though the contract relates only to personal property. Franks v. Reeder, 101 Okl. 18, 223 P. 126; Dutton v. Interstate Inv. Corp., 19 Cal.2d 65, 119 P.2d 138; Dean v. Davis, 73 Cal. App.2d 166, 166 P.2d 15; Kinser v. Bennett, 163 Kan. 725, 186 P.2d 284; Roberts v. Wachter, 104 Cal.App.2d 271, 231 P.2d 534; Roberts v. Wachter, 104 Cal.App.2d 281, 231 P.2d 540; 1 Restatement of the Law, Contracts, §§ 178, 198 and 199. See also, White v. Smith, 43 Idaho 354, 253 P. 849; Anselmo v. Beardmore, 70 Idaho 392, 219 P.2d 946; West v. Stainback, 108 Cal.App. 2d 806, 240 P.2d 366; 37 C.J.S., Frauds, Statute of, §§ 247, 248.

■■ Respondent further contends that specific performance will not lie to enforce a contract for the payment of money, or for the sale or delivery of personal property having a market value, or the money value of which can be readily ascertained, because complainant's legal remedy for damages in such case is adequate. That is the general rule. Brady v. Yost, 6 Idaho 273, 55 P. 542; Bowman v. Adams, 45 Idaho 217, 261 P. 679. However, we are not here concerned with the relief which the court may grant after trial and final determination on the merits. Where an answer is filed and a cause is tried upon the merits, the district court will grant "any relief consistent with the case made by the complaint embraced within the issue." § 10–704, I.C. "Relief will be granted in any case where the pleading and proof entitle the plaintiff to any relief whether legal or equitable." Addy v. Stewart, 69 Idaho 357 at page 362, 207 P.2d 498, 501. And, "whether the particular relief be prayed for or not." Anderson v. Whipple, 71 Idaho 112 at page 122, 227 P.2d 351, 357. Hence, the question as to what relief the court may grant must await the framing of the issues and trial upon the merits. Cf. Heath v. Potlatch Lbr. Co., 18 Idaho 42, 108 P. 343, 27 L.R.A.,N.S., 707; King v. Seebeck, 20 Idaho 223, 118 P. 292; Ticknor v. McGinnis, 33 Idaho 308, 193 P. 850; Richard v. Kilborn, 150 Kan. 579, 95 P.2d 545.

The judgment is reversed with directions to the trial court to proceed in conformity herewith.

Costs to appellant (plaintiff).

PORTER, C. J., and GIVENS, THOMAS and KEETON, JJ., concur.