102 P.3d 1096

**Bruce E. DIRE, Plaintiff–Appellant,**

v.

**Crystal B. DIRE–BLODGETT,
Defendant–Respondent.**

No. 30060.

Supreme Court of Idaho.
Coeur d'Alene, October 2004 Term.

Oct. 28, 2004.

Rehearing Denied Dec. 20, 2004.

Bruce E. Dire, pro se, Ponderay, appellant, argued.

Elsaesser Jarzabek Anderson Marks Elliott & McHugh, Chtd., Sandpoint, for respondent. Cynthia A. Elliott argued.

EISMANN, Justice.

The issue on this appeal is whether after January 1, 1996, a marriage license is required in order to have a valid marriage in Idaho. We hold that it is and affirm the judgment of the magistrate judge.

## I. FACTS AND PROCEDURAL HISTORY

The parties began cohabitating in March 1998. On November 14, 1998, they participated in a wedding ceremony officiated by an acquaintance, who allegedly represented to the parties that he was a minister. Prior to the ceremony, they intentionally did not obtain a marriage license.

On February 21, 2002, the plaintiff-appellant Bruce Dire (Dire) filed an action seeking: a divorce from the defendant-respondent Crystal Dire–Blodgett (Blodgett) on the ground of irreconcilable differences; a division of their community property; a lien upon her separate real property for the value of improvements made to it during the alleged marriage; and the award of his separate property. On March 6, 2002, Blodgett filed an answer that, among other things, denied the existence of the alleged marriage.

On April 5, 2002, Blodgett moved for summary judgment on the ground that absent a marriage license the parties did not have a valid marriage. The magistrate judge granted the motion for summary judgment and entered a judgment on July 22, 2002, dismissing this action. On July 26, 2002, Dire filed a motion for reconsideration, which the magistrate denied by order entered on October 18, 2002.

Dire timely appealed, and on August 14, 2003, the district judge entered its decision on appeal affirming the magistrate. Dire then timely appealed to this Court.

## II. ANALYSIS

■ When reviewing a case decided in the magistrate division that has been appealed to the district court, we review the magistrate's decision independently of, but with due regard for, the district court's intermediate appellate decision. *Brinkmeyer v. Brinkmeyer*, 135 Idaho 596, 21 P.3d 918 (2001). The issue in this case is whether after January 1, 1996, a man and woman must obtain a marriage license in order to have a valid marriage. We hold that they must.

Prior to 1996, Idaho Code §§ 32–201, 32–301, and 32–302 provided as follows:

**32–201. What constitutes marriage.—** Marriage is a personal relation arising out of a civil contract, to which the consent of parties capable of making it is necessary. Consent alone will not constitute marriage; it must be followed by a solemnization, or by a mutual assumption of marital rights, duties or obligations.

**32–301. How solemnized.—**Marriage must be solemnized, authenticated and recorded as provided in this chapter, but noncompliance with its provisions does not invalidate any lawful marriage.

**32–302. Duty of person officiating.—** All persons herein authorized to solemnize marriages must ascertain and be assured of:

1. The identity of the parties.

2. Their real and full names and places of residence.

3. That they are of sufficient age to be capable of contracting marriage.

4. If the male is under the age of 18 or the female under the age of 18 years, the consent of the father, mother or guardian, if any such, is given, or that such nonaged person has been previously but is not at the time married; and that the parties applying for the rites of marriage, and making such contract, have a legal right to do so.

In 1996, the Idaho legislature amended the above statutes as indicated below:

**32–201. What constitutes marriage— *No common-law marriage after January 1, 1996.—(1)*** Marriage is a personal relation arising out of a civil contract *between a man and a woman,* to which the consent of parties capable of making it is necessary. Consent alone will not constitute marriage; it must be followed by *the issuance of a license and* a solemnization, or as *authorized and provided by law. Marriage created* by a mutual assumption of marital rights, duties or obligations *shall not be recognized as a lawful marriage.*

*(2) The provisions of subsection (1) of this section requiring the issuance of a license and a solemnization shall not invalidate any marriage contract in effect prior to January 1, 1996, created by con-*

*senting parties through a mutual assumption of marital rights, duties or obligations.*

**32–301. How solemnized.** ~~Marriage must~~ *All marriages shall* be solemnized, authenticated and recorded as provided in this chapter~~, but noncompliance with its provisions does not invalidate any lawful marriage.~~ *On and after January 1, 1996, any marriage contracted or entered into in violation of the provisions of this title shall be void.*

**32–302. Duty of person officiating.—** All persons herein authorized to solemnize marriages must *first require the presentation of the marriage license and must* ascertain and be assured of:

1. The identity of the parties.

2. Their real and full names and places of residence.

3. That they are of sufficient age to be capable of contracting marriage.

4. If *either* the male *or the female* is under the age of 18 ~~or the female under the age of 18 years~~, the consent of the father, mother or guardian, if any such, is given, or that such ~~nonaged~~ *underaged* person has been previously but is not at the time married; and that the parties applying for the rites of marriage, and making such contract, have a legal right to do so.

Ch. 104, §§ 3, 4, & 5, 1995 Idaho Sess. Laws 334, 335–36.

■ "The legislature of each state has the power to control and to regulate marriages within its jurisdiction. This includes the power to regulate the qualifications of the contracting parties and the proceedings essential to constitute a marriage." *Duncan v. Jacobsen Constr. Co.,* 83 Idaho 254, 260, 360 P.2d 987, 990 (1961). By the amendments made in 1995, the Idaho legislature has clearly required a license in order to have a valid marriage. Idaho Code § 32–201 expressly states, "Consent alone will not constitute marriage; it must be followed by the issuance of a license and a solemnization as authorized and provided by law." Both the issuance of the license and solemnization are required. Idaho Code § 32–301 states, "On and after January 1, 1996, any marriage contracted or entered into in violation of the

provisions of this title shall be void." The provisions of Title 32, Idaho Code, require both the issuance of a license and solemnization. The duties of the officiating officer were also amended to provide that he or she must "first require the presentation of the marriage license." Again, that is consistent with the clear legislative intent that a marriage license is required in order to have a valid marriage. Because the parties in this case chose not to obtain a marriage license, their purported marriage violated the provisions of Title 32, Idaho Code, and is therefore void. Idaho Code § 32–301. They were never married. Therefore, the magistrate judge correctly dismissed Dire's divorce action.

■ Dire also alleges that Idaho Code § 32–301 is unconstitutionally vague or overbroad. He bases that argument upon hypothetical scenarios not presented in this appeal, asking whether under those scenarios a marriage would be void for noncompliance with Title 32. This issue was not raised below and is unnecessary for any subsequent proceedings in this case. Therefore, we will not consider it on this appeal. *Horne v. Idaho State Univ.,* 138 Idaho 700, 69 P.3d 120 (2003); *Porter v. State,* 136 Idaho 257, 32 P.3d 151 (2001).

■ Blodgett seeks an award of attorney fees on appeal pursuant to Idaho Code § 12–121. Attorney fees can be awarded on appeal under that statute only if the appeal was brought or defended frivolously, unreasonably, or without foundation. *Gustaves v. Gustaves,* 138 Idaho 64, 57 P.3d 775 (2002). Blodgett is entitled to an award of attorney fees under that statute. The statutes are clear and Dire did not present any reasoned argument to the contrary.

### III. CONCLUSION

The judgment of the magistrate judge is affirmed. Costs, including reasonable attorney fees, are awarded to Blodgett.

Chief Justice SCHROEDER, and Justices TROUT, KIDWELL and BURDICK concur.