# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 41301

| | |
|---|---|
| RENEE L. BAIRD-SALLAZ, ) | |
| ) | |
|    Plaintiff-Respondent, ) | |
| ) | |
| and ) | Boise, August 2014 Term |
| ) | |
| JEREMY J. GUGINO, Chapter 7 ) | 2014 Opinion No.101 |
| Bankruptcy Trustee for the Bankruptcy ) | |
| Estate of Renee L. Baird, ) | Filed: September 19, 2014 |
| ) | |
|    Intervenor-Respondent, ) | Stephen W. Kenyon, Clerk |
| ) | |
| v. ) | |
| ) | |
| DENNIS J. SALLAZ, ) | |
| ) | |
|    Defendant-Appellant. ) | |

_____

Appeal from the district court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Kathryn A. Sticklen, District Judge. Hon. David Epis, Magistrate Judge.

The district court's intermediate appellate decision upholding division of community property by magistrate in divorce action, <u>affirmed</u>. Attorney's fees and costs on appeal are <u>awarded</u> to intervenor.

Vernon K. Smith, Boise, attorney for appellant.

Renee L. Baird, Caldwell, respondent *pro se.*

Angstman Johnson, Boise, attorneys for intervenor-respondent Jeremy J. Gugino. Matthew T. Christensen argued.

_____

WALTERS, J., *pro tem*

## I. NATURE OF THE CASE

This appeal is a collateral attack on a 2005 decree of divorce entered in the magistrate division of the district court finding that Dennis Sallaz and Renee Baird were married in Oregon

in 1996. The magistrate subsequently divided the community property in a judgment entered in 2012. This appeal is brought from the 2012 judgment. Sallaz argues that the marriage was not valid under Oregon law and consequently that the magistrate lacked subject matter jurisdiction to determine and divide property. The district court sitting in its capacity as the intermediate appellate court held that the magistrate had subject matter jurisdiction to determine and divide the property in question. We affirm the district court's intermediate appellate decision.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Dennis Sallaz and Renee Baird mutually participated in a marriage ceremony in Oregon on July 4, 1996. On May 27, 2004, Baird filed a complaint for divorce in the magistrate's division of the district court in Ada County, Idaho. Sallaz, in his answer to the complaint, admitted the allegation of marriage to Baird. Sallaz also testified at trial that he married Baird on July 4, 1996.

The magistrate court entered a partial decree at the request of the parties, granting the divorce on August 24, 2005. The decree included a certificate in accordance with Idaho Rule of Civil Procedure (I.R.C.P.) 54(b) certifying the decree as a final judgment upon which execution may issue and an appeal may be taken. Neither party ever appealed from the certified judgment. The magistrate court conducted a subsequent trial regarding the division of property and debts, and issued its amended findings of fact and conclusions of law on October 30, 2007. The magistrate court found that Sallaz and Baird were married on July 4, 1996, and divorced by the decree in 2005. After several post-trial motions, the magistrate court entered an amended order on January 4, 2012, settling the property and debt issues. Sallaz filed a notice of appeal to the district court on February 9, 2012. On April 19, 2012, Baird filed for Chapter 7 relief in bankruptcy. The filing of the bankruptcy petition stayed the appeal in the district court until Sallaz received permission from the bankruptcy court to pursue the appeal. Jeremy Gugino, the bankruptcy trustee, intervened in the appeal as a real party in interest.

While the appeal from the magistrate's division was pending before the district court sitting in its capacity as the intermediate appellate court, Sallaz filed an independent action in Ada County asserting for the first time that the Oregon marriage was invalid.[1] The bankruptcy trustee intervened and filed a motion to dismiss the action on the basis that it was an

---

[1] *Sallaz v. Sallaz*, Case No. CV OC 12-17666.

2

impermissible collateral attack on the January 4, 2012, judgment in the magistrate's division. The motion to dismiss was granted.

Sallaz then requested that the district court, sitting in its capacity as the intermediate appellate court, remand the case to the magistrate division to determine the validity of the marriage. The district court held that Sallaz's challenge to the validity of the marriage was untimely, that Sallaz had impermissibly raised an issue for the first time on appeal, and that Sallaz was estopped by his inconsistent positions from challenging the parties' marriage.

Sallaz requested this Court to remand the case to the magistrate court for a determination regarding the validity of the marriage. This Court denied Sallaz's motion. Sallaz now appeals from the district court's intermediate appellate decision and continues to challenge the validity of the parties' marriage in Oregon. In short, Sallaz claims that the magistrate lacked subject matter jurisdiction to determine and divide the parties' property because there was no marriage.

Notably, on the intermediate appeal in the district court Sallaz asserted that the marriage was invalid because the marriage ceremony allegedly was performed by an individual who was not authorized to perform marriage ceremonies, whereas Sallaz now contends, for the first time, that the marriage ceremony was invalid because no Oregon marriage license can be found of record. Under either theory, Sallaz maintains that invalidity of the marriage deprived the magistrate court of subject matter jurisdiction to grant a decree of divorce.

### III. ISSUES ON APPEAL

1. Whether the magistrate court had subject matter jurisdiction to dissolve the marriage between Sallaz and Baird and to determine and divide community property.

2. Whether Gugino is entitled to an award of attorney fees pursuant to Idaho Code section 12-121.

### IV. STANDARD OF REVIEW

When this Court reviews the decision of the district court sitting in its capacity as an appellate court, the standard of review is as follows:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012) (quoting *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P3d 758, 760 (2008)). Thus, this Court does not review the decision of

3

the magistrate court. *Id.* "Rather, we are 'procedurally bound to affirm or reverse the decisions of the district court.'" *Id.* (quoting *State v. Korn*, 148 Idaho 413, 415 n. 1, 234 P.3d 480, 482 n. 1(2009)).

*Pelayo v. Pelayo*, 154 Idaho 855, 858–59, 303 P.3d 214, 217–18 (2013).

## V. ANALYSIS

The district court on appeal rejected Sallaz's argument that the magistrate court lacked subject matter jurisdiction to define and divide property. The district court held that the magistrate court had jurisdiction to hear the case and to determine whether the parties were married, which it did in order to grant the relief requested by the parties for a divorce. The district court held that Sallaz was estopped from asserting that the magistrate court erred in granting the divorce decree because Sallaz admitted to the fact of the marriage and failed to appeal the finding after the decree was certified pursuant to I.R.C.P. 54(b). The district court also held that Sallaz raised the issue of the validity of the marriage for the first time on appeal and the court therefore declined to consider the issue further, citing *Ochoa v. Idaho Industrial Special Indemnity Fund*, 118 Idaho 71, 78, 794 P.2d 1127, 1134 (1990).

Sallaz argues that the magistrate court lacked subject matter jurisdiction to divide the community property, asserting that because no marriage license allegedly exists on record in Oregon, there was in effect no marriage and thus no community property was accumulated between the parties to be divided in a divorce action. Sallaz argues that the district court erred when it ruled that he waived his subject matter jurisdiction challenge as untimely and had raised the challenge for the first time on appeal because, he asserts, an order entered without subject matter jurisdiction is void and can be challenged collaterally at any time, including for the first time on appeal. Additionally, Sallaz argues that he cannot be estopped from challenging the validity of the marriage because this Court has held that a party cannot acquiesce to a proceeding where the court lacks subject matter jurisdiction and cannot be estopped from challenging the subject matter jurisdiction of the court.

### A. The Magistrate Court Possessed Subject Matter Jurisdiction to Determine Whether Sallaz and Baird were Married and Therefore to Divide the Community Property.

This Court has explained with regard to subject matter jurisdiction:

[B]ecause of the serious ramifications and consequences which could follow from a court acting without jurisdiction over the subject matter, we recognize that it is important to keep that concept clearly defined. For example, the defense of

4

lack of jurisdiction over the subject matter is never waived (I.R.C.P. 12(h)); purported judgments entered by a court without jurisdiction over the subject matter are void and as such are subject to collateral attack, and are not entitled to recognition in other states under the full faith and credit clause of the United States Constitution (Restatement of Judgments, § 7 (1942)).

*Sierra Life Ins. Co. v. Granata*, 99 Idaho 624, 626–27, 586 P.2d 1068, 1070–71 (1978). In *Department of Health and Welfare v. Housel*, 140 Idaho 96, 90 P.3d 321 (2004), we further stated:

> "Subject matter jurisdiction is the right and abstract power of the tribunal to exercise power over cases of the kind and character of the one pending." *Young Elec. Sign Co. v. State*, 135 Idaho 804, 809, 25 P.3d 117, 122 (2001) (quoting *Knight v. Dep't of Ins.*, 124 Idaho 645, 649, 862 P.2d 337, 341 (Ct. App. 1993)). "Lack of subject matter jurisdiction can be raised at any time." *Fisher v. Crest Corp.*, 112 Idaho 741, 744, 735 P.2d 1052, 1055 (Ct. App. 1987) (citation omitted). This Court has narrowly construed the ability to void a judgment, however, on the basis of a defect in a court's subject matter jurisdiction. As the Court explained in *Gordon v. Gordon*:
>
>> In the sound interest of finality, the concept of void judgment must be narrowly restricted. And it is.
>>
>> By jurisdiction over the subject matter the cases mean that the court must have jurisdiction or power to deal with the class of cases in which it renders judgment . . . . In brief, then, except for the rare case where power is plainly usurped, if a court has the general power to adjudicate the issues in the class of suits to which the case belongs its interim orders and final judgments, *whether right or wrong*, are not subject to collateral attack, so far as jurisdiction over the subject matter is concerned.
>
> 118 Idaho 804, 807, 800 P.2d 1018, 1021 (1990) (quoting 7 *Moore's Federal Practice and Procedure*, ¶ 60.25[2], p. 60–225–230 (1990)) (emphasis in original).

*Housel*, 140 Idaho at 101, 90 P.3d at 326. The district courts have been granted original jurisdiction over all domestic relations and dissolution of marriage matters. I.C. § 32-715. This jurisdiction extends to the magistrate division. I.R.C.P. 82(c)(2)(C). The district and magistrate courts have subject matter jurisdiction to determine whether a marriage exists. *See Dire v. Dire-Blodgett*, 140 Idaho 777, 779, 102 P.3d 1096, 1098 (2004) ("They were never married. Therefore, the magistrate judge correctly dismissed Dire's divorce action."); *Donaldson v. Donaldson*, 111 Idaho 951, 956, 729 P.2d 426, 431 (Ct. App. 1986) ("Historically, jurisdiction over the marital status has been held to exist wherever one of the parties is domiciled").

5

Sallaz suggests that *Dire* supports his contention that the magistrate's decision must be set aside. We disagree. *Dire* was a direct appeal from a summary judgment dismissing a divorce action where the defendant contested the action on the ground that the parties had never obtained a marriage license as required by Title 32 of the Idaho Code. Finding no genuine issue of material fact in that regard, the magistrate entered a summary judgment. In the instant case, Sallaz did not defend the action by claiming the marriage was not valid. Instead he admitted the marriage as alleged and affirmatively requested that the magistrate enter a decree of divorce and divide the parties' property. Only later, in the present proceedings, does Sallaz collaterally challenge the claim of marriage raised in Baird's complaint for divorce.

We hold that the magistrate court had subject matter jurisdiction to inquire into the marital status of the parties and to determine whether a marriage existed. The evidence to establish the existence of a marriage may include, as it did in this case, the admission in the pleadings of the parties of the existence of the marriage and testimony from one or both of the spouses attesting to the existence of the marriage. It follows that, on a finding that a marriage existed, the magistrate court had jurisdiction to enter other orders relating to the divorce action. Here, Sallaz is simply contending that the magistrate court's finding with respect to the existence of the marriage is wrong, and thus asserts he be permitted to collaterally attack the divorce decree. This argument is specious and erroneous. This Court has held that the ability to use jurisdiction to void a judgment is narrow. *Housel*, 140 Idaho at 101, 90 P.3d at 326. As such, this Court has clearly held that a party cannot collaterally attack a judgment in a case belonging to a class of cases over which a court has jurisdiction merely because a party believes the judgment is wrong. In reality, Sallaz is attempting to readjudicate a factual issue on appeal under the guise of questioning subject matter jurisdiction.

At the outset of the divorce action, Sallaz was given the opportunity before the magistrate court to prove that there was no valid marriage. Instead of proving this contention, Sallaz conceded the existence of the marriage. The Idaho Rules of Civil Procedure provide numerous avenues by which Sallaz could have sought to introduce evidence of the allegedly missing and unrecorded marriage certificate. *E.g.*, I.R.C.P. 52 (establishing procedure to amend specific findings of fact); I.R.C.P. 59 (establishing procedure to request a new trial on the basis of newly discovered evidence); I.R.C.P. 60 (establishing procedure to seek relief from a final judgment on the basis of newly discovered evidence); I.R.C.P. 54(b) (granting a party an ability to appeal a

judgment declared final by a Rule 54(b) certificate). Sallaz did not avail himself of any of these procedures. He did not seek to introduce newly discovered evidence. Sallaz did not appeal the marital determination of the magistrate court—a question that the magistrate court had jurisdiction to answer. A party cannot collaterally attack a court's final judgment over which a court has subject matter jurisdiction for being right or wrong, and it is improper here for Sallaz to collaterally attack the magistrate court's determination that a marriage existed.

**B. The Bankruptcy Trustee is Entitled to Attorney Fees on Appeal.**

The bankruptcy trustee requests attorney fees on appeal pursuant to Idaho Code section 12-121. The bankruptcy trustee argues that Sallaz's appeal is untimely, frivolous, and unreasonable. Neither Baird nor Sallaz request attorney fees on appeal.

Idaho Code section 12-121 permits a court to apportion and award reasonable attorney fees for claims that are brought or defended unreasonably, frivolously, or without adequate foundation in fact or law. *Idaho Military Historic Soc'y v. Maslen*, 156 Idaho 624, 632–33, 329 P.3d 1072, 1080– 81 (2014).

We hold that this appeal was pursued without adequate foundation in fact or law. As discussed, Sallaz seeks years later to collaterally attack a determination of marriage made by the magistrate court. Presented in the form of a challenge to the magistrate court's subject matter jurisdiction, Sallaz asks this Court to hold that no marriage existed even though at the trial court level he conceded that there was a marriage and never offered evidence to the contrary. Sallaz's claim that the marriage was invalid because no marriage license exists of record is mere assertion and unsubstantiated. The law in Idaho is clear that a party cannot collaterally attack a judgment as allegedly erroneous if the issuing court had authority to enter that judgment. Here, the magistrate court had authority to inquire and answer whether the parties were married. Sallaz had the opportunity to disprove this contention. Sallaz had the opportunity to ask the magistrate court to consider newly discovered evidence. Sallaz had the opportunity under Rule 54(b) to appeal the magistrate court's finding that a marriage existed that could be terminated by decree of divorce. Sallaz did not timely avail himself of these opportunities, but rather seeks to collaterally attack the correctness of the magistrate court's factual determination by claiming that his Oregon marriage was invalid because he can allegedly find no record of a marriage license.

We conclude the bankruptcy trustee is entitled to attorney fees on appeal for responding to this appeal.

## VI. CONCLUSION

The district court's appellate decision on appeal is affirmed. The magistrate court possessed subject matter jurisdiction to terminate the marriage and divide the community property. Baird and Gugino are entitled to costs on appeal. Gugino is entitled to attorney fees on appeal.

Chief Justice BURDICK, Justices J. JONES, HORTON and Justice *pro tem* KIDWELL CONCUR.