# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51408

THOMAS QUINLIN,

    Plaintiff-Appellant,

v.

MARIE GARRETT, in her individual capacity; JEREMY GARRETT, in his individual capacity, RUSSELL SPRIGGS, in his individual capacity; and JEANNE CONSIDINE, in her individual capacity,

    Defendants-Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Filed:  December 5, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY

---

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County.  Hon. Lamont C. Berecz, District Judge.

Judgment dismissing complaint with prejudice, <u>affirmed</u>.

Thomas Quinlin; Sandpoint, pro se appellant.

Marie Garrett; Bonners Ferry, pro se respondent.

Jeremy Garrett; Bonners Ferry, pro se respondent.

Wilson Law Firm; Eric A. Anderson, Bonners Ferry, for respondents, Russell Spriggs and Jeanne Considine.

---

HUSKEY, Judge

Thomas Quinlin appeals from the district court's judgment dismissing the complaint with prejudice.  Quinlin argues the district court erred in dismissing his complaint with prejudice because the complaint was meritorious and not a collateral attack on the underlying small claims issue, but rather a new complaint based on new events.  Quinlin argues the district court further erred in denying his motion for leave to amend his complaint.  Marie and Jeremy Garrett (the Garretts), Russell Spriggs, and Jeanne Considine argue the district court did not err because the complaint sets out criminal allegations, which Quinlin lacks standing to bring, and civil allegations

based on what occurred in the small claims action, which renders the complaint a collateral attack on the small claims action. Furthermore, they argue the allegations relate to statements and testimony made during the small claims action and, thus, are protected by the litigation privilege and are therefore immune from suit. We affirm the judgment dismissing the complaint with prejudice.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying case is a small claims action filed by the Garretts to recover approximately $1,600 from Quinlin based on a transaction involving a solar generator. After a small claims proceeding, the magistrate court found in favor of the Garretts.

Quinlin filed a complaint in the district court against the Garretts, Spriggs, and Considine alleging six claims: (1) perjury, Idaho Code § 18-5401; (2) libel, I.C. §§ 18-4801, -4802; (3) conspiracy, I.C. § 18-1701; (4) conspiracy, 42 U.S. § 1985(3); (5) common law conspiracy; and (6) negligent infliction of emotional distress. The Garretts filed a motion to dismiss the complaint under Idaho Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted. Spriggs and Considine also filed a motion to dismiss, incorporating by reference the Garrett's motion for dismissal, and confining the remainder of their argument to the dismissal of the negligent infliction of emotional distress claim. A hearing was scheduled on the motions to dismiss. Quinlin's initial complaint was deficiently pleaded, and he filed an amended complaint. The district court struck the amended complaint because it was neither timely filed nor filed with permission from the opposing parties or the court as required by I.R.C.P. 15. Quinlin then filed a motion for leave to amend his complaint.

Seven days after Quinlin sought permission to amend his complaint, the scheduled hearing on the motions to dismiss was held. In the district court's memorandum order and decision, the court dismissed Quinlin's complaint and denied his request to amend. The district court explained that, during the hearing, Quinlin "acknowledged that there were significant defects in his initial complaint." Quinlin also stated that rather than oppose the motion to dismiss, he filed a motion to amend. The district court determined that through Quinlin's own admissions and motion to amend, Quinlin agreed to dismiss counts 1, 2, 4, and 6. The court held counts 1-3 were subject to dismissal because Quinlin lacked standing and authority to bring alleged violations of the criminal code. The court further held that all counts were barred as a collateral attack on the small claims action

and by the litigation privilege. Finally, the court found the complaint subject to dismissal because Quinlin failed to follow the proper procedures to appeal from a decision in a small claims action. The district court granted the motions to dismiss and dismissed Quinlin's complaint with prejudice. The district court also denied Quinlin's motion to amend. Quinlin appeals.

## II.

## STANDARD OF REVIEW

"The Court reviews a district court's decision to grant or deny a motion to amend for abuse of discretion." *DAFCO LLC v. Stewart Title Guar. Co.*, 156 Idaho 749, 753, 331 P.3d 491, 495 (2014). When this Court reviews an alleged abuse of discretion by a trial court, the sequence of inquiry requires consideration of *four* essentials. Whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

Idaho Rule of Civil Procedure 12(b)(6) allows a court to dismiss a claim if the plaintiff "fail[s] to state a claim upon which relief can be granted." I.R.C.P. 12(b)(6). A district court's dismissal of a complaint under I.R.C.P. 12(b)(6) is reviewed de novo. *Fulfer v. Sorrento Lactalis, Inc.*, 171 Idaho 296, 300, 520 P.3d 708, 712 (2022).

> A 12(b)(6) motion looks only at the pleadings to determine whether a claim for relief has been stated. On review of a dismissal, this Court determines whether the non-movant has alleged sufficient facts in support of his claim, which if true, would entitle him to relief. In doing so, the Court draws all reasonable inferences in favor of the non-moving party.

*Id.* (quoting *Hammer v. Ribi*, 162 Idaho 570, 572, 401 P.3d 148, 150 (2017)) (internal quotations and citations omitted). Courts are not required, however, to deem legal conclusions as admitted merely because they were pleaded as factual allegations. *CMJ Properties, LLC v. JP Morgan Chase Bank, N.A.*, 162 Idaho 861, 863, 406 P.3d 873, 875 (2017).

## III.

## ANALYSIS

Quinlin asserts the district court erred in denying his motion to amend his complaint and by dismissing his complaint with prejudice. On appeal, Quinlin asserts four claims: (1) the denial of his motion for leave to amend his complaint resulted in a violation of his constitutional due process rights; (2) the district court was punitive in dismissing his complaint with prejudice;

3

(3) Quinlin's rights were violated under the Idaho Constitution by being deprived of property without due process of law; and (4) the district court erred in awarding attorney fees and costs. The Garretts, Spriggs, and Considine argue the district court did not abuse its discretion by denying Quinlin's motion for leave to amend because the motion was untimely filed in violation of I.R.C.P. 15(a) and the amendment would have been futile. The Garretts, Spriggs, and Considine further argue that Quinlin failed to provide argument for his assertion that he has been deprived of property without due process. Finally, the Garretts, Spriggs, and Considine argue the district court correctly awarded costs and attorney fees pursuant to I.R.C.P. 54(d)(1) and I.C. § 12-121 as they were the prevailing party and Quinlin failed to provide argument or authority regarding any error by the district court.

As a procedural note, neither party identified the abuse of discretion standard of appellate review to review the grant of a motion to dismiss a complaint and failure to allow amendment of the complaint. Further, Quinlin fails to identify issues that can be resolved by the appellate courts. For example, Quinlin asks this Court to make factual determinations, which we cannot do. *Angelos v. Schatzel*, ___ Idaho ___, 556 P.3d 441, 449 (2024) (holding an appellate court does not act as fact finder on appeal). Regardless, we address the issues on appeal.

## A.     Denial of Motion for Leave to Amend Complaint

Quinlin asserts the district court violated his due process rights by denying his motion for leave to amend his complaint because he had a right to be heard and by denying his motion, he was deprived of his constitutional right. The Garretts, Spriggs, and Considine contend the district court correctly denied the motion to amend because the amended complaint was not only filed outside the twenty-one-day deadline set forth in I.R.C.P. 15, but the amended complaint also failed to set out a valid claim. They assert the district court did not abuse its discretion.

Although Quinlin frames his issue as one of a denial of due process, whether to grant a party leave to amend a complaint is a discretionary decision for the court. *McCreery v. King*, 172 Idaho 598, 604, 535 P.3d 574, 580 (2023). The boundaries of that discretion require that "[t]he court should freely give leave when justice so requires." I.R.C.P. 15(a)(2). Further, that discretion permits the trial court to consider:

> whether the amended pleading sets out a valid claim, whether the opposing party would be prejudiced by any undue delay, or whether the opposing party has an available defense to the newly added claim. The court may not, however, weigh the sufficiency of the evidence related to the additional claim.

4

*Atwood v. Smith*, 143 Idaho 110, 115, 138 P.3d 310, 315 (2006) (quoting *Spur Products Corp. v. Stoel Rives LLP*, 142 Idaho 41, 44, 122 P.3d 300, 303 (2005)).

The district court held that permitting Quinlin to amend his complaint would be futile. The proposed amended complaint alleged three causes of action: (1) fraud by intentional misrepresentation; (2) conspiracy; and (3) tortious interference. The district court found that the proposed amended complaint had the same defects as the initial complaint in that all three causes of action would be based solely on statements made during the small claims proceedings and the litigation privilege would still apply. Thus, even if the amendment were permitted, the claims would still have been dismissed, resulting in the same outcome. We agree.

"The litigation privilege is deeply rooted in the common law doctrine that attorneys are immune from civil suits for defamation or libel when they arise out of communications made in the course of judicial proceedings." *Taylor v. McNichols*, 149 Idaho 826, 836, 243 P.3d 642, 652 (2010). "In fact, '[a]t common law, the litigation privilege blanketed all participants in the court system; private attorneys were treated no differently than judges, government lawyers, and witnesses.'" *Id.* (quoting *Loigman v. Twp. Comm. of Twp. of Middletown*, 889 A.2d 426, 435 (2006)). "This privilege is predicated on the long-established principle that the efficient pursuit of justice requires that attorneys and litigants must be permitted to speak and write freely in the course of litigation without the fear of reprisal through a civil suit for defamation or libel." *Taylor*, 149 Idaho at 836, 243 P.3d at 652. Although Quinlin asserts *Taylor* is distinguishable from his situation because that case only addresses libel and slander, and not "other causes of action such as perjury, much less fraud" like his, he misunderstands the application of the principle. Quinlin's complaint alleging perjury, fraud, and conspiracy relies on statements made during the small claims action. In small claims court, attorneys are not permitted and parties act as their own attorneys and witnesses. *See* I.R.S.C.A. 8(b). Therefore, as the district court noted, the parties are the "litigants" as included in the rule, and statements made in the proceedings are protected by the litigation privilege. The Idaho Supreme Court has consistently applied the litigation privilege broadly to statements made in the course of judicial proceedings when there is some relation to the cause of action. *Dickinson Frozen Foods, Inc. v. J.R. Simplot Co.*, 164 Idaho 669, 678-79, 434 P.3d 1275, 1284-85 (2019).

The claims in Quinlin's amended complaint were subject to the same litigation privilege and, thus, the amended complaint would have been dismissed for the same reason the initial

complaint was dismissed. Because the outcome would have been the same, there was no reason to grant the motion to amend. The district court understood it had discretion to grant the motion for leave to amend, acted within the bounds of its discretion, acted consistently with the legal standards applicable to the choices, and reached its decision by the exercise of reason. Therefore, the district court did not err in denying Quinlin's motion for leave to amend his complaint.

**B. Dismissal of the Complaint With Prejudice**

Quinlin asserts the district court acted punitively by dismissing his complaint with prejudice because it denied Quinlin an opportunity to refile the pleadings correctly and have his complaint heard on the merits. Quinlin challenges the district court's characterization of his complaint as a collateral attack and asserts "he had valid probable cause to bring a legitimate new complaint." Quinlin contends that because the parties are not identical to those in the underlying small claims action and the issues are distinctly different, his complaint is not seeking to challenge the final decision in the small claims action. The Garretts, Spriggs, and Considine contend the district court did not abuse its discretion in dismissing the complaint with prejudice because, as the district court explained in its memorandum order and decision, the entirety of the complaint is based upon statements and testimony from the small claims court hearing, which, as previously explained, is immune from suit under the litigation privilege. Additionally, challenging what occurred in the small claims hearing seeks to undermine the decision in that case, which is the definition of a collateral attack.

A collateral attack is defined as "[a]n attack on a judgment in a proceeding other than a direct appeal; esp., an attempt to undermine a judgment through a judicial proceeding in which the ground of the proceeding (or a defense in the proceeding) is that the judgment is ineffective." Collateral Attack, Black's Law Dictionary (12th ed. 2024). Final judgments, whether right or wrong, are not subject to collateral attack. *Cuevas v. Barraza*, 152 Idaho 890, 894, 277 P.3d 337, 341 (2012) "[A] party cannot collaterally attack a judgment in a case belonging to a class of cases over which a court has jurisdiction merely because a party believes the judgment is wrong." *Baird-Sallaz v. Sallaz*, 157 Idaho 342, 346, 336 P.3d 275, 279 (2014).

The district court found that Quinlin's complaint amounted to a collateral attack on the small claims judgment. The district court explained there is a procedure to appeal a small claims judgment and Quinlin did not follow that procedure. The district court further stated:

6

In a nutshell, Plaintiff's theory is that the Defendants conspired against him to testify falsely in the small claims case. While Plaintiff complains about the judge's decision in that case, Plaintiff, ultimately, disclaims that he is appealing the small claims court judgment. Rather, he couches this case as a separate suit for damages he suffered due to the Defendants' testimony in the small claims case. This is a distinction without a difference. One can imagine the never-ending iterations that future litigation would take if Plaintiff's approach were allowed.

Under Idaho Rule on Small Claims Actions 15(a), "any aggrieved party may appeal to the district court as provided in these rules and by law." The court will conduct the appeal as a trial de novo. I.R.S.C.A. 15(c). This was the proper mechanism for Quinlin to pursue his issues with the outcome of the small claims proceeding. Quinlin began an appeal, but then withdrew, vacating the trial de novo. He instead chose to file a new suit in district court, challenging the small claims decision by accusing the opposing parties and witnesses of conspiring against him and lying on the stand. The district court correctly identified the claims and arguments as collateral attacks on the judgment from the small claims action. Thus, the district court did not err in determining that, even if drawing all reasonable inferences in favor of Quinlin, there were not sufficient facts entitling him to relief.

## C.      Violation of Rights Under the Idaho Constitution

Quinlin asserts his rights were violated under Article 1, section 13, of the Idaho Constitution by being deprived of property without due process of law. Quinlin fails to provide cogent argument or authority in support of this claim. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Thus, we decline to address this claim.

## D.      Attorney Fees

Quinlin asserts that the district court erred by improperly awarding attorney fees because the award of fees is only permissible when a party is adversely affected by frivolous conduct. He contends his complaint was not frivolous. Quinlin fails to support his argument with anything more than conclusory statements that the district court did not apply settled law. A party waives an issue on appeal if either argument or authority is lacking. *Id.* Thus, we decline to address this claim.

## IV.
## CONCLUSION

The district court did not abuse its discretion in denying Quinlin's motion for leave to amend his complaint because the amendment would have been futile. The district court did not err in its determination that there were insufficient facts entitling Quinlin to relief. Therefore, we affirm the judgment of the district court dismissing the complaint with prejudice.

Judge LORELLO and Judge TRIBE **CONCUR**.