**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42798**

| | | |
|---|---|---|
| **TERILYN LEE GUNDERSON,** | ) | 2015 Opinion No. 60 |
| | ) | |
| Petitioner-Respondent, | ) | Filed: September 30, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| **CURTIS LYNN GOLDEN,** | ) | |
| | ) | |
| Respondent-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Order of the district court dismissing petition for equitable division and distribution of property, <u>affirmed</u>.

Suzanna L. Graham, Coeur d'Alene, for appellant.

Terilyn Lee Gunderson, Coeur d'Alene, respondent, did not participate on appeal.

_____

GUTIERREZ, Judge

Curtis Lynn Golden appeals from the district court's dismissal with prejudice of the petition for equitable division and distribution of property filed by Terilyn Lee Gunderson. In essence, both Golden and Gunderson sought for the district court to apply Idaho divorce law to divide and distribute property acquired by the couple during their non-marital relationship. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Gunderson and Golden were in a committed relationship for approximately twenty-five years, from September 1987 until March 2012. Although the two were never married, they lived together starting in 1994. During the course of their relationship, the parties acquired both real and personal property. The relationship eventually deteriorated, and in December 2013,

1

Gunderson filed a petition for an equitable division and distribution of property. Golden filed a counterclaim in response to Gunderson's petition.

After a bench trial, the district court requested supplemental briefing from the parties to provide the court with applicable legal points and authorities for their claims. In response, the parties then filed a stipulation to apply Idaho divorce law, but did not specify which statutes to apply or which dates in the relationship were applicable.

Ultimately, the district court dismissed Gunderson's claim and Golden's counterclaim for failure to meet their burdens of proof. In its dismissal, the district court declined to accept the parties' stipulation to apply divorce law. The court concluded that neither party provided sufficient evidence to support finding the existence of a common-law marriage. It further reasoned that by stipulating to apply the divorce laws of the state of Idaho, the parties were asking the court to grant them a de facto common-law marriage, in contravention of the policy of the Idaho Legislature. The district court held that because neither party provided applicable legal authority to support the claim for equitable distribution of property, both parties failed to establish a claim upon which relief could be granted. The district court dismissed the petition with prejudice.

Initially, Golden and Gunderson both filed separate appeals of the district court's dismissal. Gunderson then decided she no longer wanted to pursue her appeal and filed a motion to dismiss, which was granted. In response to Golden's appeal, Gunderson filed a letter indicating that she did not intend to submit a responsive brief. Golden's appeal remains pending before this Court.

## II.

## ANALYSIS

On appeal, Golden argues that the district court erred in dismissing Gunderson's petition and his counterclaim for equitable division and distribution of property. Specifically, he contends that the court erred in refusing to adopt the parties' post-trial stipulation to apply divorce law to the proceedings. He also argues that, despite contrary controlling law, interests of justice mandate the equitable division of property acquired during a co-habitational relationship.

A trial court's dismissal is reviewed under an abuse of discretion standard. *Peterson v. Private Wilderness, LLC*, 152 Idaho 691, 694, 273 P.3d 1284, 1287 (2012). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry

2

to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Parkside Schs., Inc. v. Bronco Elite Arts & Athletics, LLC*, 145 Idaho 176, 178, 177 P.3d 390, 392 (2008).

We examine whether the district court abused its discretion in declining to adopt the parties' stipulation to apply Idaho divorce law to their case. A stipulation is a contract and its enforceability is determined by contract principles. *Olson v. Idaho Dep't of Water Res.*, 105 Idaho 98, 100, 666 P.2d 188, 190 (1983). The legal effect of a contractual provision is a question of law. *Elliott v. Darwin Neibaur Farms*, 138 Idaho 774, 779, 69 P.3d 1035, 1040 (2003). Courts should refrain from enforcing contractual provisions that violate some explicit public policy. *W.R. Grace & Co. v. Local Union 759*, 461 U.S. 757, 766 (1983). In determining whether a provision violates public policy, courts look to whether the provision has a general tendency toward offending public interest. *Stearns v. Williams*, 72 Idaho 276, 282-83, 240 P.2d 833, 837 (1952). We take note that the legislature has spoken on the subject of the legal recognition of common-law marriages.

The Idaho Legislature abolished common-law marriage through enactment of House Bill 176, which became effective January 1, 1996. The legislature specifically stated that the policy rationale for the change was to "promote the stability and best interests of marriage and the family." 1995 Idaho Sess. Laws ch. 104, § 1. The elimination of common-law marriage, supported by an explicit public policy justification, commands our courts to refrain from enforcing contracts in contravention of clearly declared public policy and from legally recognizing co-habitational relationships in general.[1]

Regardless of whether we find Golden's arguments persuasive regarding the need for laws to govern the division of property acquired by co-habitating parties, the relief he seeks from this Court is simply not something this Court can provide. Golden is effectively asking this

---

[1] The parties describe themselves as a "non-married opposite sex couple whom did not marry pursuant to I.C. 32-201, or Idaho Constitution, Article III section 28." They were in a committed relationship with one another for approximately twenty-five years. They lived together for nearly eighteen years, sharing expenses and accumulating personal property together during that time.

Court to legislate from the bench, either by crafting a judicial remedy or by adopting law from neighboring states[2] that contradict established Idaho statutory and case law. *See Dire v. Dire-Blodgett*, 140 Idaho 777, 778-79, 102 P.3d 1096, 1097-98 (2004).

The lawmaking authority of Idaho is vested in the senate and in the house of representatives. IDAHO CONST. art. III, § 1. The legislature has spoken regarding its intent to abolish common-law marriage. "The public policy of legislative enactments cannot be questioned by the courts and avoided simply because the courts might not agree with the public policy so announced." *State v. Vill. of Garden City*, 74 Idaho 513, 525, 265 P.2d 328, 334 (1953). "The wisdom, justice, policy, or expediency of a statute are questions for the legislature alone." *Berry v. Koehler*, 84 Idaho 170, 177, 369 P.2d 1010, 1013 (1961).

While we are sympathetic to the situation in which Gunderson and Golden find themselves, we agree with the district court's holding that neither party cited applicable law to establish any claim for relief. The district court exercised its discretion consistent with the applicable legal standards and properly dismissed the petition.

### III.

### CONCLUSION

The district court's order dismissing Gunderson's petition for an equitable division and distribution of property is affirmed.

Judge GRATTON and Judge HUSKEY **CONCUR**.

---

[2]    Golden points to the prevalence of co-habitation in the United States, and the treatment of such relationships by states such as Nevada and Washington as a guide to this Court. Specifically, he cites *Marvin v. Marvin*, 557 P.2d 106 (Cal. 1976) (allowing unmarried couples to hold property as though they were married through express and implied contractual agreements), and *W. States Constr., Inc. v. Michoff*, 840 P.2d 1220 (Nev. 1992) (same).