# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 44207

| | | |
|---|---|---|
| THE CITY OF BLACKFOOT, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GARY SPACKMAN, in his capacity as | ) | |
| Director of the Idaho Department of Water | ) | |
| Resources, and THE IDAHO | ) | |
| DEPARTMENT OF WATER RESOURCES, | ) | |
| | ) | Twin Falls, May 2017 Term |
| Respondent-Respondent on Appeal, | ) | |
| and | ) | |
| | ) | 2017 Opinion No. 67 |
| A&B IRRIGATION DISTRICT, BURLEY | ) | |
| IRRIGATION DISTRICT, MILNER | ) | Filed:  June 20, 2017 |
| IRRIGATION DISTRICT, AMERICAN | ) | |
| FALLS IRRIGATION DISTRICT #2, | ) | Karel A. Lehrman, Clerk |
| MINIDOKA IRRIGATION DISTRICT, | ) | |
| NORTH SIDE CANAL COMPANY, | ) | |
| TWIN FALLS CANAL COMPANY, | ) | |
| | ) | |
| Intervenors-Respondents. | ) | |
| ---------------------------------------------------------- | ) | |
| IN THE MATTER OF APPLICATION FOR | ) | |
| PERMIT NO. 27-12261, | ) | |
| In the name of the City of Blackfoot. | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Snake River Basin Adjudication.  Hon. Eric J. Wildman, District Judge.

District court decision on water right, <u>affirmed</u>..

Holden, Kidwell, Hahn & Crapo, PLLC, Blackfoot, for appellants.  Robert L. Harris argued.

Garrick L. Baxter, Idaho Department of Water Resources, Boise, argued for respondent Spackman.

Barker, Rosholt & Simpson, LLP, Twin Falls, for respondents A & B Irrigation District, Burley Irrigation District, Milner Irrigation District, North Side Canal Company and Twin Falls Canal Company. Travis L. Thompson argued.

Fletcher Law Office, Burley, for respondents American Falls Irrigation District #2 and Minidoka Irrigation District.

_____

BURDICK, Chief Justice.

The Bingham County District Court affirmed a ruling by the Idaho Department of Water Resources (IDWR or Department) denying the City of Blackfoot's (City) application for a water right, Application for Permit No. 27-12261 (12261), to be offset by mitigation through another water right, Water Right No. 01-181C (181C). The district court ruled that the Department was correct in ruling that 181C could not be used for groundwater recharge without an approved transfer application and could not be used as mitigation for 12261 until such transfer was approved. The City appeals and we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The City currently pumps water from the Blackfoot River and delivers it to irrigators east of I-15. Due to the cost of operating and maintaining the pump, the City filed 12261 to appropriate 9.71 cfs of groundwater. This groundwater, in place of the surface water from the Blackfoot River, would then be delivered to the irrigators east of I-15. To offset the injury resulting from the appropriation, the City wishes to use 1,066 afa of mitigation credit resulting from seepage that occurs under 181C.

Under its purpose of use element, 181C allows for five different uses: Irrigation Storage, Irrigation from Storage, Diversion to Storage, Recreation Storage, and Irrigation. This allows the City, during the irrigation season, to divert 2,466.80 afa from the Snake River to fill a recreation reservoir in Jensen's Grove. Of that diversion, 1,100 acre feet are allocated to remain in the reservoir for recreation storage, 980.9 acre feet seep into the aquifer, and 186 acre feet are lost to evaporation. At the end of the season, the remaining 1,100 acre feet are left to seep into the aquifer. The other provisions element of 181C states that the use and diversion of water is subject to "additional conditions and limitations contained in a settlement agreement – IDWR transfer of water right, Transfer no. 72385, date June 2006 . . . ." (Settlement Agreement). The Settlement Agreement, among others things, states the City "must file the appropriate application for permit and/or transfer" if it wishes to use 181C for groundwater recharge or mitigation

2

purposes. In its application for 12261, the City proposed using part of the seepage described in 181C as mitigation for 12261.[1]

The City's application for 12261 was protested by the Coalition.[2] In its protest, the Coalition asserted that the City failed to establish that 12261 would not reduce the quantity of water under existing rights. After holding an administrative hearing, the hearing officer determined that that the proposed appropriation in 12261 was a consumptive use of water and, without mitigation, would reduce the quantity of water under existing rights. The hearing officer also concluded that 181C does not authorize the City to use the seepage described in 181C for recharge and therefore the City could not use 181C as mitigation for 12261. However, the hearing officer approved 12261 on the condition that the City successfully apply for a transfer to add recharge as an authorized purpose of use for 181C.

The City filed exceptions to the hearing officer's rulings, challenging, among other things, the requirement that it needs to apply for a transfer to add recharge as a purpose of use before it can use 181C for mitigation. The Director of the Department (Director) reviewed the City's exceptions and agreed with the hearing officer that 181C does not authorize the City to use water for recharge and a transfer would be required to authorize such use. However, the Director disagreed with the hearing officer's grant of conditional approval and denied the application for 12261 without prejudice, suggesting the City could refile its application for 12261 in conjunction with a transfer application for 181C.

Following the Director's order, the City filed a petition with the district court asserting that the Director's ruling was contrary to law. After permitting the Coalition to appear as intervenors, a hearing was held on the City's petition. The district court found the plain unambiguous language of 181C's purpose of use element does not authorize the City to use water for recharge and if the City wanted to use 181C as mitigation for 12261 it would have to file a transfer. The City appeals the district court's ruling.

## II.   STANDARD OF REVIEW

When reviewing the decision of a district court acting in its appellate capacity under the Idaho Administrative Procedure Act, " 'we review the decision of the district court to determine

---

[1] The City also seeks mitigation credit from the non-use of Blackfoot River water rights, which are not subject to this action.

[2] "Coalition" refers collectively to the A&B Irrigation District, Burley Irrigation District, American Falls Reservoir District #2, Minidoka Irrigation District, Milner Irrigation District, North Side Canal Company, and Twin Falls Canal Company.

whether it correctly decided the issues presented to it.' However, we review the agency record independently of the district court's decision." *Rangen, Inc. v. Idaho Dep't of Water Res.*, 160 Idaho 251, 255, 371 P.3d 305, 309 (2016) (quoting *Clear Springs Foods v. Spackman,* 150 Idaho 790, 797, 252 P.3d 71, 78 (2011)). Furthermore, "the agency's factual determinations are binding on the reviewing court, even when there is conflicting evidence before the agency, so long as the determinations are supported by substantial competent evidence in the record." *Id.* (quoting *A & B Irrigation Dist. v. Idaho Dep't of Water Res.*, 153 Idaho 500, 505–06, 284 P.3d 225, 230–31 (2012)). We review questions of law de novo. *Vickers v. Lowe*, 150 Idaho 439, 442, 247 P.3d 666, 669 (2011).

> When the agency was required by the provisions of this chapter or by other provisions of law to issue an order, the court shall affirm the agency action unless the court finds that the agency's findings, inferences, conclusions, or decisions are:
>
> (a) in violation of constitutional or statutory provisions;
>
> (b) in excess of the statutory authority of the agency;
>
> (c) made upon unlawful procedure;
>
> (d) not supported by substantial evidence on the record as a whole; or
>
> (e) arbitrary, capricious, or an abuse of discretion.
>
> If the agency action is not affirmed, it shall be set aside, in whole or in part, and remanded for further proceedings as necessary.
>
> I.C. § 67–5279(3).
>
> Even if one of these conditions is met, this Court will still affirm the agency action "unless substantial rights of the appellant have been prejudiced." I.C. § 67–5279(4)

*A & B Irrigation Dist.*, 153 Idaho at 506, 284 P.3d at 231.

### III.     ANALYSIS

The City raises multiple issues on appeal. However, the wellspring of the City's issues is whether the district court erred in affirming the Director's ruling that the City may not use 181C for mitigation or recharge unless it first files for a transfer. We address this issue first.

**A. Whether the City must file for a transfer before it can use 181C for mitigation or recharge.**

When interpreting a water decree this Court utilizes the same rules of interpretation applicable to contracts. *Id.*, 153 Idaho at 523, 284 P.3d at 248. If a decree's terms are unambiguous, this Court will determine the meaning and legal effect of the decree from the plain

4

and ordinary meaning of its words. *Cf. Sky Canyon Props*, *LLC v. Golf Club at Black Rock, LLC*, 155 Idaho 604, 606, 315 P.3d 792, 794 (2013) ("If a contract's terms are clear and unambiguous, the contract's meaning and legal effect are questions of law to be determined from the plain meaning of its own words."). A decree is ambiguous if it is reasonably subject to conflicting interpretations. *Cf. Huber v. Lightforce USA, Inc.*, 159 Idaho 833, 850, 367 P.3d 228, 245 (2016) ("Where terms of a contract are 'reasonably subject to differing interpretations, the language is ambiguous . . . .' " (quoting *Clark v. Prudential Prop. and Cas. Ins. Co.*, 138 Idaho 538, 541, 66 P.3d 242, 245 (2003))). Whether ambiguity exists in a decree "is a question of law, over which this Court exercises free review." *Rangen, Inc. v. Idaho Dep't of Water Res.*, 159 Idaho 798, 807, 367 P.3d 193, 202 (2016) (quoting *Knipe Land Co. v. Robertson*, 151 Idaho 449, 455, 259 P.3d 595, 601 (2011)).

Water rights are defined by elements. *See* I.C. §§ 42-1411(2); *see also City of Pocatello v. Idaho*, 152 Idaho 830, 839, 275 P.3d 845, 854 (2012) ("The elements listed [in section 42-1411(2)] describe the basic elements of a water right."); *Olson v. Idaho Dep't of Water Res.*, 105 Idaho 98, 101, 666 P.2d 188, 191 (1983). Idaho Code sections 42-1411(2) and 42-1411(3) comprise a list of elements that define a water right.[3] Under Idaho Code section 42-1412(6), a

---

[3] Idaho Code sections 42-1411(2)–(3) reads:

> (2) The director shall determine the following elements, to the extent the director deems appropriate and proper, to define and administer the water rights acquired under state law:
> (a) the name and address of the claimant;
> (b) the source of water;
> (c) the quantity of water used describing the rate of water diversion or, in the case of an instream flow right, the rate of water flow in cubic feet per second or annual volume of diversion of water for use or storage in acre-feet per year as necessary for the proper administration of the water right;
> (d) the date of priority;
> (e) the legal description of the point(s) of diversion; if the claim is for an instream flow, then a legal description of the beginning and ending points of the claimed instream flow;
> (f) the purpose of use;
> (g) the period of the year when water is used for such purposes;
> (h) a legal description of the place of use; if one (1) of the purposes of use is irrigation, then the number of irrigated acres within each forty (40) acre subdivision, except that the place of use may be described using a general description in the manner provided under section 42-219, Idaho Code, which may consist of a digital boundary as defined in section 42-202B, Idaho Code, if the irrigation project would qualify to be so described under section 42-219, Idaho Code;
> (i) conditions on the exercise of any water right included in any decree, license, or approved transfer application; and
> (j) such remarks and other matters as are necessary for definition of the right, for clarification of any element of a right, or for administration of the right by the director.
> (3) The director may include such general provisions in the director's report, as the director deems appropriate and proper, to define and to administer all water rights.

water decree "shall contain or incorporate a statement of each element of a water right as stated in subsections (2) and (3) of section 42-1411, Idaho Code, as applicable." Purpose of use is one of those defining elements. I.C. § 42-1411(2)(f). Thus, a water decree must either contain a statement of purpose of use or incorporate one, but not both. *Markel Int'l Ins. Co., Ltd. v. Erekson*, 153 Idaho 107, 110, 279 P.3d 93, 96 (2012) ("The word 'or' . . . is [a] disjunctive particle used to express an alternative or to give a choice of one among two or more things.' "); *In re Snook*, 94 Idaho 904, 906, 499 P.2d 1260, 1262 (1972) ("The word 'or' . . . is given its normal disjunctive meaning that marks an alternative generally corresponding to 'either' . . . .").

Here, there is no reference to an incorporated statement in the purpose of use element; rather, the element contains a clear statement that plainly provides water may be used for: (1) Irrigation Storage; (2) Irrigation from Storage; (3) Diversion to Storage; (4) Recreation Storage; and (5) Irrigation. No ambiguity lurks in this element. It clearly lists five uses and recharge is not one of them.

The City attempts to argue that recharge, although not contained in the purpose of use element, is an authorized use of 181C. However, recharge is a statutorily recognized beneficial use. I.C. § 42-234(2). As such, it must be included in the purpose of use element before a water right may be used for recharge. *See* I.C. §§ 42-1411(2)(f), -1412(6). And as noted above, recharge is simply not included in 181C's purpose of use element. The City's attempt to argue otherwise is nothing more than an impermissible collateral attack on the partial decree. As the district court stated:

> If the City believed recharge should be authorized under water right 01-181C, this proceeding is not the proper time or place to raise that argument. Some history is relevant here. Water right 01-181C was acquired by the City in 2005 to fill and maintain the reservoir at Jensen Grove. It was purchased from the New Sweden Irrigation District, which used the right for irrigation purposes. To change the nature of use to accommodate Jensen Grove, the City filed an application for transfer with the Department. In addition to irrigation, it sought to add "recreation," "storage" and "recharge" as authorized uses under the right. The Coalition initially protested the transfer, but ultimately withdrew that protest pursuant to a settlement agreement. On February 14, 2007, the Director approved the City's transfer for the following purposes of use: [(1) Irrigation Storage; (2) Irrigation from Storage; (3) Diversion to Storage; (4) Recreation Storage; and (5) Irrigation]
>
> Notably, he did not approve the City's request to add recharge as an authorized purpose of use. In fact, recharge was deliberately withheld from the approved transfer. If the City believed the Director erred in this respect, it was

6

required to timely exhaust its administrative remedies and, if necessary, seek judicial review. It did neither.

Then, on May 29, 2009, the SRBA District Court entered a *Partial Decree* for the right in the Snake River Basin Adjudication. When the Director issued his recommendation for the right, he did not recommend a recharge purpose of use. If the City believed it was authorized to divert water for recharge, it had a duty to timely object to the Director's recommendation and present evidence to rebut the same in the SRBA. It did not. The SRBA District Court proceeded to enter a *Partial Decree* for the right consistent with the Director's recommendation. The uses of water authorized under the *Decree* are ascertainable from a simple reading of the purpose of use element. They did not include recharge. If the City believed the Court erred in failing to identify recharge as an authorized purpose of use, it was required to timely appeal. It is inappropriate to now argue, in the context of this judicial review proceeding, that the *Partial Decree* issued for 01-181C authorizes a use of water not identified in the purpose of use element of that *Decree.*

(citations omitted).

By statute, "decree[s] entered in a general adjudication shall be conclusive as to the nature and extent of all water rights in the adjudicated water system." I.C. § 42-1420(1); *see also State v. Nelson*, 131 Idaho 12, 16, 951 P.2d 943, 947 (1998) ("Finality in water rights is essential."). Thus, as the district court stated, if the City believed recharge was authorized under 181C, it should have appealed the Director's original decision not to include recharge as purpose of use and appealed the partial decree when it was first issued by the district court. *Rangen, Inc.*, 159 Idaho at 806, 367 P.3d at 201.

There is no question that an application for transfer is required to change the purpose or nature of use of a water right. I.C. § 42-222(1) ("Any person . . . who shall desire to change the . . . nature of use of all or part of the water, under the right shall first make application to the department of water resources for approval of such change."); *see also City of Pocatello*, 152 Idaho at 839, 275 P.3d at 854. Furthermore, it is equally clear from the plain language of the decree that recharge is not listed as an authorized use under the purpose of use element of 181C. Claiming, at this stage, that recharge is an authorized use of 181C, is nothing more than an impermissible collateral attack on the partial decree. Allowing the City "to collaterally attack this determination would severely undermine the purpose of the SRBA and create uncertainty in water rights adjudicated in that process." *Idaho Ground Water Assoc. v. Idaho Dep't of Water Res.*, 160 Idaho 119, 128, 369 P.3d 897, 906 (2016). As we recently stated in *Rangen, Inc.*, "[a]ny interpretation of [the] partial decree [ ] that is inconsistent with the [ ] plain language

would necessarily impact the certainty and finality of SRBA judgments and, therefore, requests for such interpretations needed to be made in the SRBA itself." 159 Idaho at 806, 367 P.3d at 201. Here, no such request was made.

The City attempts to circumvent this fact by arguing that it is disputing the Director's and district court's interpretation of the partial decree and not the decree itself. The City argues the partial decree itself is sound and clearly authorizes recharge as a purpose of use, but the Director and district court erred by not correctly interpreting the decree. Specifically, the City argues: (1) the Settlement Agreement contemplates recharge as a use and therefore enlarges the purposes of use element to include recharge as a purpose of use; and (2) regardless of the elements of 181C, the actual circumstances of 181C demonstrate that 181C provides mitigation for 12261. These arguments, however, are misplaced.

1. <u>Whether the Settlement Agreement adds recharge as an authorized use of water under 181C</u>.

The City argues that the plain language of paragraph 1.e of the Settlement Agreement permits the City "to use 181C for groundwater recharge or mitigation purposes associated with future groundwater rights . . . ." This argument fails. A private settlement agreement cannot define, add, or subtract from the elements of a validly adjudicated water right; it can only limit, condition, or clarify the administration of the right as between the private parties to the agreement.

One of the purposes of the water right adjudication statutes is "to establish, through an adjudication a uniform description for surface water rights, ground water rights and water rights." I.C. § 42–1427(1)(a). "It is important that the elements of a water right be standardized to allow for a fair and efficient administration of the limited water supply" *Id.* To this end, the district court adjudicating the water right is required to issue a decree that "shall contain or incorporate a statement of each element of a water right as stated in subsections (2) and (3) of section 42-1411, Idaho Code, as applicable." I.C. § 42-1412(6). These elements are separate and distinct elements that, when combined, make up the water right. *City of Pocatello*, 152 Idaho at 839, 275 P.3d at 854. The adjudication statutes require distinct definition statements for each separate element. § 14-1412(6) ("The decree shall contain or incorporate a statement of *each* element of a water right . . . ." (emphasis added)).

The City asserts, however, that the Settlement Agreement, as a document incorporated under the other provisions element of 181C, must be "construed along with the rest of 181C" and

8

may affect all the elements of 181C and, specifically, may add recharge to the purpose of use element. This argument falls short in two aspects. First, it flies in the face of section 42-1412(6), which only allows an element to either contain a statement defining the element or incorporate a statement that defines the element. The City's argument, by allowing a document incorporated under the other provisions element to add a use to those already contained in the purpose of use element, would allow both. Not only is this prohibited under the language of 42-1412(6), *see supra* (discussing the requirement that a decree either contain or incorporate a statement of each element, but not both), it would impermissibly muddy the decree. *Rangen, Inc.*, 159 Idaho at 808, 367 P.3d at 203 (noting that adopting a perspective that would render a "partial decree less, rather than more, clear" is disfavored).

Second, an adjudicated water right is a judicially decreed property right. *Clear Springs Foods, Inc. v. Spackman*, 150 Idaho 790, 797, 252 P.3d 71, 78 (2011) ("When one has legally acquired a water right, he has a property right . . . ." (quoting *Bennett v. Twin Falls North Side Land & Water Co.*, 27 Idaho 643, 651, 150 P. 336, 339 (1915))). It is binding on the IDWR, indeed the Director has a " 'clear legal duty' to distribute water" according to decreed water rights. *In re SRBA*, 157 Idaho 385, 393, 336 P.3d 792, 800 (2014); *see also Musser v. Higginson*, 125 Idaho 392, 395–96, 871 P.2d 809, 812–13 (1994) (holding that mandamus was appropriate to require the director to deliver the full decreed water rights of a water right holder), *abrogated on other grounds by Rincover v. State, Dep't of Fin., Sec. Bureau*, 132 Idaho 547, 976 P.2d 473 (1999). In contrast, the Settlement Agreement is a private agreement between private parties. IDWR is not a party to the Settlement Agreement. As such, the Director is not bound by the Settlement Agreement and has no duty to enforce the Settlement Agreement. This is made clear by the language incorporating the Settlement Agreement into the other provisions element of 181C: "The diversion and use of water under transfer 72385 is subject to additional conditions and limitations contained in a settlement agreement . . . . the settlement agreement is recorded in Bingham county [ ] and Bonneville county [ ] and is enforceable by the parties thereto." Consequently, the Settlement Agreement cannot define, add, or subtract from the defining elements of 181C. It is limited to providing "additional conditions and limitations" on the exercise of 181C. To allow the Settlement Agreement to enlarge or otherwise alter the clearly decreed elements of 181C, would allow private parties to alter a judicial decree. Such a result is

9

simply untenable. *Cf. Borley v. Smith*, 149 Idaho 171, 177, 233 P.3d 102, 108 (2010) ("An important principle drives this holding—private stipulations cannot circumvent court orders.").

2. <u>Whether regardless of the elements of 181C, the actual circumstances of 181C demonstrate that it provides mitigation for 12261.</u>

The City argues that regardless of the elements of 181C, it may be used as mitigation for 12261 because "[t]here is no factual dispute that 2,080.8 AF of water seeps from Jensen's Grove into the ESPA each year." Thus, because it is undisputed that this "seepage" occurs, the City argues it can use the seepage as mitigation, even if recharge is not listed as an authorized use of 181C and without filing a transfer.

Recharge, however, is a statutorily recognized beneficial use. I.C. § 42-234(2). Uses must be identified under the purpose of use element of a water right. I.C. §§ 42-1411(2)(f), -1412(6). Here, 181C's purpose of use element does not contain recharge as a beneficial use. Thus, the undisputed seepage that occurs "from the diversion and use of [181C] for [its] various beneficial purposes" is incidental recharge. I.C. § 42-234(5) ("[I]ncidental ground water recharge benefits are often obtained from the diversion and use of water for various beneficial purposes."). Such recharge cannot be "used as the basis for claim of a separate or expanded water right." *Id.* Accordingly, without a transfer approving recharge as a beneficial use, any seepage that occurs under 181C is incidental recharge and not eligible to be used for mitigation purposes. *Id.*

In summary, recharge is a beneficial use. I.C. § 42-234(2). As such, it must be identified in the purpose of use element. I.C. § 42-1412(6). An element may either contain a statement defining the element or incorporate one, but not both. *Id.* 181C's purpose of use element clearly contains a statement listing five uses and recharge is not one of them. The private Settlement Agreement, incorporated in the other provisions element of 181C, cannot alter, add, or subtract from the uses clearly contained in the judicially decreed purpose of use element. The sole mechanism for altering, adding, or subtracting from a judicially decreed purpose of use element is through an application for transfer. I.C. § 42-222(1). Accordingly, if the City wishes to use 181C for recharge it must file for a transfer.[4]

---

[4] The City argues that the appropriate application is one for permit, not transfer. However, to change the nature of use of a water right one must file an application for transfer. I.C. § 42-222; *City of Pocatello*, 152 Idaho at 839, 275 P.3d at 854. It is true that the non-use of an existing water may provide mitigation for the approval of another right without the filing of a transfer. However, as the district court observed, while "[a] transfer is not required under Idaho Code § 42-222 to effectuate the non-use of an existing right . . . the City does not propose the non-use of water right 01-181C. Rather it proposes using the right for the additional purpose of recharge." Thus, if the City wishes to use 181C for mitigation purposes without a transfer it would have to propose the non-use, rather than the continued use, of 181C.

10

**B. Attorney fees.**

The Coalition requests attorney fees pursuant to Idaho Code section 12-117(1) and Idaho Code section 12-121. Attorney fees are appropriate under section 12-117(1) "in any proceeding involving as adverse parties a state agency . . . and a person . . . if [the court] finds that the nonprevailing party acted without a reasonable basis in fact or law." I.C. § 12-117(1). We have awarded fees under section 12-117(1) where the nonprevailing party

> continued to rely on the same arguments used in front of the district court, without providing any additional persuasive law or bringing into doubt the existing law on which the district court based its decision. Although the [nonprevailing parties] may have had a good faith basis to bring the original suit based on their interpretation of Idaho law, [they] were very clearly aware of the statutory procedures, failed to appeal separate appraisals when they had a right to appeal, and were clearly advised on the applicable law in an articulate and well reasoned written decision from the district court. Nevertheless, [they] chose to further appeal that decision to this Court, even though they failed to add any new analysis or authority to the issues raised below. Accordingly, it was frivolous and unreasonable to make a continued argument, and [the prevailing party] is awarded its reasonable attorney fees

*Rangen, Inc.*, 159 Idaho at 812, 367 P.3d at 207 (alterations in original) (quoting *Castrigno v. McQuade*, 141 Idaho 93, 98, 106 P.3d 419, 424 (2005)).

Here, the City has asserted the same arguments on appeal as it did before the Director and the district court. It has continually asserted that recharge, although clearly not listed as a purpose of use, is an authorized use of 181C. However, the City failed to appeal either the Director's decision to leave recharge off the initial transfer or the district court's partial decree, which also did not include recharge as a beneficial use. While the City's argument that an incorporated document under the other provisions element may add a use to the purposes of use element is novel, it is not reasonably based in law. The district court clearly articulated this in its decision. Thus, because the City failed to add any significant new analysis or authority to its arguments, and failed to appeal both the Director's decision not to include recharge as a beneficial use and the partial decree, which also did not include recharge as a beneficial use, we award the Coalition fees under section 12-117(1).

## IV.    CONCLUSION

We affirm the district court. Attorney fees and costs on appeal to the Coalition. Costs on appeal to IDWR.

Justices EISMANN, JONES, HORTON and KIDWELL, Pro tem, **CONCUR.**

11